UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:17-cr-151-DJH

LARRY HASKINS,     Defendant.

\* \* \* \* \*

## ORDER

Defendant Larry Haskins is charged with various drug-trafficking offenses. (Docket No. 1) He has moved to suppress evidence resulting from a single-photo identification. (D.N. 57) For the reasons set forth below, the Court will deny Haskins's motion.

The Due Process Clause prohibits the use of photo identification testimony at trial if "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). The Court applies a two-part test to determine the validity of an identification procedure: "first, the defendant must demonstrate that the identification procedure was impermissibly suggestive; second, assuming the procedure was suggestive, the court considers whether the identification was nevertheless reliable under the totality of the circumstances." *United States v. Simmons*, 633 F. App'x 316, 320–21 (6th Cir. 2015).

Here, other than a citation to the Supreme Court's decision in *Simmons*, Haskins did not attempt to show that the identification procedure was impermissible; he did not indicate any specific reason why the single-photo identification was unreliable or suggestive. (D.N. 57) Although single-photo identifications are generally viewed with suspicion, they are not impermissible per se because "the total circumstances may nevertheless negate the corrupting

effect of the suggestive identification." *Id.* Circumstances to be considered in evaluating this second factor include

> (1) the witness' opportunity to view the suspect; (2) the witness' degree of attention; (3) the accuracy of the witness' . . . description of the criminal; (4) the level of certainty demonstrated by the witness at the time of the identification; and (5) the time between the crime and the identification.

*Id.*; *see also Haliym v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007); *United States v. Meyer*, 359 F.3d 820, 824 (6th Cir. 2004). The Sixth Circuit has repeatedly held that where a witness has seen the defendant multiple times prior to being shown the photograph, the use of a single-photograph identification procedure is not impermissibly suggestive. *See Simmons*, 633 F. App'x 320–21; *United States v. Shields*, 415 F. App'x 692, 702-03 (6th Cir. 2011).

In response to Haskins's bare-bones motion, the United States described the photo identification at issue; Haskins did not object or otherwise respond to that description.[1] (D.N. 65) The identification procedure is described as follows:

> Detectives were conducting surveillance on the Dollar Smart. At approximately 5:30 p.m. a white Chevrolet passenger vehicle parked in front of the Dollar Smart, the driver exited the vehicle and went into the Dollar Smart. The driver exited the Dollar Smart less than one minute later with no visible merchandise. Detectives conducted a traffic stop on the vehicle and recovered heroin and other paraphernalia from the vehicle. The driver stated the narcotics are typically purchased from "Cam" and "Yella." A phone number was provided to the detectives. The phone number provided matched a phone number detectives had through a previous investigation belonging to Joshua Langlois, aka, "Cam." The driver stated that they call "Cam" and order their dope. The driver stated that a light skin black male with a tattoo on his neck, "not Cam" sold them the heroin. inside the Dollar Smart. The driver stated that "Cam" would sell narcotics throughout the Louisville area, to include the Westport Road area. Detectives showed the driver a picture of Larry Haskins, and the driver confirmed that is who sold them the heroin.

(D.N. 65, PageID # 205-06)

---

[1] Moreover, Haskins did not request a suppression hearing. (D.N. 57)

Given the foregoing description and the Sixth Circuit's holding in *Simmons*, there is no basis for suppression here.  The witness had an in-person interaction with Haskins at Dollar Smart, and it is reasonable to conclude from the government's description that the witness had seen Haskins on multiple occasions, creating a sufficient opportunity to view Haskins and to employ an adequate degree of attention.  *See Simmons*, 633 F. App'x 320–21.  Additionally, the witness's description of Haskins was detailed and is not contested by Haskins.  Finally, the identification occurred the same day as Haskins's interaction with the witness, and no evidence suggests that the witness was uncertain in identifying Haskins.  In sum, the circumstances surrounding the identification do not support suppression.

The Court finds that the single-photo identification of Haskins is "reliable under the totality of the circumstances," and thus the evidence obtained as a result of that identification need not be suppressed.  *See Id.*  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Haskins's motion to suppress (D.N. 57) is **DENIED**.

October 25, 2018

**David J. Hale, Judge**
**United States District Court**

3